## MARTIN BROS. *v.* MURPHREE *et al.*

[96 South. 691. No. 23405.]

MASTER AND SERVANT. *Father not liable for act of son, not within scope of employment.*

> Where a boy sent by his father to cut corn stalks on his father's farm thoughtlessly and carelessly strikes a match, from which dry grass is set on fire, and the fire spreads to the premises of another, and burns hay, etc., the father is not liable for the loss, where the fire was not necessary or proper in the employment of the boy, but was wholly disconnected with his employment. To make the father liable, the act must be within the scope of employment of the boy.

APPEAL from circuit court of Monroe county.

HON. C. P. LONG, Judge.

Suit by Martin Bros. against R. B. Murphree and others. From a judgment for defendants, plaintiff appeals. Affirmed.

*Leftwich & Tubb,* for appellant.

There is but one question presented by the record for the decision of this court, and that is, whether the act

of Theodore Murphree in throwing the match in the grass was such as the law contemplates his father must be held liable for. The general rule in such cases is that a relation of master and servant, must be shown just the same as if all parties were adults and the relation of father and son existing. Unlike the ordinary relation of master and servant, however, no contract of hire is necessary. The rule is very aptly stated in *Schafer* v. *Osterbrink*, 58 Am. Rep. 875.

The question that then presents itself for solution is whether the act in question was such as to be considered as in the course of the agent's employment and, therefore, the result of which must be answered by the master. The general rule of master and servant is that the master is liable for the negligence of the servant while performing a task within the scope of his employment. We find no difference in that rule and the rule established by the cases where minors are involved except there is a tendency on the part of authorities to hold the master more strictly responsible where the servant is a minor and his own son than where the servant is an adult and unrelated. In relating the rule the cases have come to quote the old expression "within the scope of the employment," and now we find the expression where acts of minor sons are involved, "within the course of the employment." In other words, the law contemplates that the father is always responsible for the acts of his minor son, in theory at least. If a father chooses to place his son of tender years in a position of responsibility where there are opportunities for damage to the property and rights of others, in case the son departs from the line of work set out for him, then the law says that anything done while in the course of the performance of that particular task, resulting to the damage of a third party, must be answered for by the master or the father of the minor agent.

While the father of Theodore Murphree did not contemplate that his son would willfully strike a match

and throw it into the dry grass and thereby start a conflagration which destroyed his neighbor's property, he did know that he had put his son in a position of responsibility, that he had given him the implements to do the particular task, and he did know that there were emergencies which might arise either by negligence or accidents on the part of the son, which would require immediate action on the part of somebody to prevent damage to the property and rights of others.

We submit that under the principles announced in the decisions which we will hereafter cite, that the father should be held liable for the gross and willful negligence of his son in maliciously starting the fire in question which resulted in the property loss complained of. *Teagarden* v. *McLaughlin*, 44 Am. Rep. 332; *Andrus* v. *Howard*, 84 Am. Dec. 680; *Haverson* v. *Naker*, 50 Am. Rep. 381; *Broadstreet* v. *Hall*, 10 L. R. A. (N. S.) 934; 20 R. C. L. 628, par. 34, and authorities cited; *Chastain* v. *Jones*, 66 L. R. A. 959; *Meers* v. *McDowell*, 53 L. R. A. 789; Notes, 50 Am. Rep. 386, and 74 Am. St. Rep. 804.

The cases in Mississippi involving the principle of master and servant as between father and child are not numerous but the following cases discuss principles which throw considerable light on the question at bar: *Winn* v. *Haliday*, 109 Miss. 691; *Wood* v. *Clements*, 113 Miss. 727; *Woods* v. *Clements*, 114 Miss. —; *Dempsey* v. *Frazier*, 119 Miss. 1.

All of these cases are where some negligent act of the minor son was committed by him, while in the course or while in the act of doing something authorized by his father. Most of these cases are automobile cases, and, while some of the principles are different in fact, many of them, are similar.

We will be met by the argument that the setting out of the fire could not be possibly construed as within the scope of Theodore's employment that it was a direct departure from the nature of his employment and was

an independent and disconnected act for which the
minor alone is responsible. We do not believe the wis-
dom of the law will sustain such an argument and while
we concede that the early cases were stricter in their
interpretations of the law in such cases, the trend of
modern authority has been to broaden the responsibility
and thus prevent innocent third parties and property
owners from being helpless in the hands of irresponsible
youths placed in possession of responsible and important
positions by careless parents.

The amount involved in this particular suit is small
but while the record does not show it, we venture to
inform the court, that there are two other cases pend-
ing, the termination of which depends on the decision
of the case at bar.

We confidently believe that the court will hold that
the learned circuit judge was in error in granting a per-
emptory instruction to defendants and that a reversal
will be ordered and the case sent back for trial by a jury.

*Paine & Paine,* for appellee.

We submit that when the act complained of, as in this
case, is not related or incident to the work of the master,
is not adapted to its performance and is not inspired
by the purpose to accomplish the work, it then becomes
the act of the servant alone, and he alone is responsible.
See authorities. on page 593. *Evers* v. *Krouse,* 66 L.
R. A. 593. Mr. Justice FORT in his opinion in the case
of *Holler* v. *Sanford Ross,* 68 N. J. L. 324; *Carthey* v.
*Timmons,* 178 Mass. 378; *Guille* v. *Campbell,* 200 Pa.
St. 119, 86 A. S. R. 705, and the cases cited in the cross-
reference thereto, *Golden* v. *Newbrand,* 52 Iowa 59.

Again, it is the law that if the servant steps aside
from his master's business for how short a time so ever,
to commit a wrong not connected with that business, the
relation of master and servant will for the time be sus-

pended.  See Thompson on Negligence, sections 885 and 886.

The consensus of opinion both among text-writers and from supreme court reports, is that the moment a servant ceases to act for the master, though still remaining in his employ, the master's liability ceases.  To render the master liable for the act of the servant, the act must be done for the purpose of executing the master's orders and in doing his work while actually engaged in the master's work.  Parents are not liable for the torts of their minor children without participation in the fault of the parent.  20 R. C. L. page 627, section 33 and authorities; *Edwards* v. *Krume,* 13 Kansas 348.

The facts in that case were as follows: The minor son was living with the defendant, his father, and under his control, and negligently set out a prairie fire, just as in this case, which fire destroyed the plaintiff's property.  It was held the father was not liable therefor; the court saying that a father was not liable in damages for the wrongful act of his minor son where the son lived with his father and was under his control, and where the acts complained of were not authorized by the father, were not done in his presence and had no connection with the father's business, and were not ratified by him and from which the father received no benefit.

In the case at bar the ignition of the match was no part of the boy's duty, was not connected with the duty he was assigned to do, did not result from any agency he was using to accomplish his father's work, was not ratified by the father, and from said act the father received no benefit, but on the contrary the striking of the match was the unintentional act of a thoughtless lad.

In conclusion we refer the court to Labatt "Master & Servant," section 2270; 29 Cyc. page 1665; 20 R. C. L., page 627.

These references are to us conclusive of the justice of the ruling of the trial judge in sustaining the motion

for a peremptory instruction and we therefore respect-fully ask that the case be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

The appellants filed suit against the appellees for the value of certain property destroyed by fire originating upon the appellees' premises and spreading to the appellant's premises burning certain hay and agricultural products. It appears from the record that the appellees, who were defendants below, sent their minor son to cut corn stalks with the stalk cutter upon the premises of the defendants; that while engaged in this work the boy took a match from his pocket, struck it, and threw it down in the field, and, the weather being dry, the grass ignited and the fire spread, going over the intervening land to the plaintiff's field. The only evidence bearing upon this feature of the case was that of the boy, who was placed on the stand by the plaintiff, and who testified that he struck the match thoughtlessly or in a spirit of devilment; that it had no connection with his work, and that it was not necessary or proper to have a fire in connection with his work; that he did all he could after the fire began to spread to check it, but it got beyond his control. There was a peremptory instruction for the defendants, upon the theory that the act of the boy in striking the match was not within the scope of his employment, and consequently that his parents were not liable.

The boy, in performing the work assigned him by his father, is the servant of the father, and the relation of master and servant exists. The parent is liable for acts done by the minor within the scope of his employment to the same extent that the master would be for the acts of his servant, but no further. Under the proof in this record we think it is clear that the boy, in striking the match, was not acting in the scope of his employ-

ment. It is entirely disconnected, and has no relation to the business of the father. It was not necessary or proper for him to strike the match for any purpose of his task; consequently the father is not liable for his act in so doing. It was proper for the court below to so instruct the jury. The judgment will therefore be affirmed.

*Affirmed.*